UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hector Eddin Acosta Najera (A-Number: 098-556-268),<br><br>Petitioner,<br><br>v.<br><br>Christopher Chestnut,<br><br>Respondent. | No. 1:26-cv-08340-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Hector Eddin Acosta Najera is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. For the reasons explained below, the writ of habeas corpus is granted.

**I. Background**

Petitioner is from Honduras. Doc. 7-1 at 1. On January 3, 2023, petitioner entered the United States on a F1 student visa. *Id.*; Doc. 1 at 9.[1] The visa expired on August 3, 2024. Doc. 7-1 at 2. Petitioner is married to a United States citizen, and he has a three-month-old daughter. Doc. 1 at 11. On June 17, 2023, petitioner was convicted in state court of misdemeanor theft and sentenced to twelve months' probation and a $340 fine. Doc. 7-1 at 3. Respondents acknowledge that petitioner is subject to 8 U.S.C. § 1226(a). *See* Doc. 7. Respondents do not assert that

[1] Petitioner was first encountered by U.S. Border Patrol on October 20, 2004, and was issued a Notice to Appear. *Id.* at 2. On January 5, 2005, an immigration judge ordered petitioner removed and petitioner waived his appeal. *Id.* However, as noted above, petitioner was subsequently issued an F1 student visa and was permitted to enter the country on that visa on January 2, 2023.

petitioner is currently subject to a final order of removal. *See id.*

In February 2026, petitioner applied for an I-130 Petition for Alien Relative and an I-485 Application to Adjust Status with USCIS. Doc. 1 at 9. On July 14, 2026, petitioner appeared for his I-485 interview in Salt Lake City, Utah and was arrested by ICE. *Id.*; Doc. 7-1 at 2. Petitioner states he was arrested without a warrant, and respondent did not provide a warrant to the court. *See* Doc. 1 at 10. On September 18, 2026, an immigration judge held a § 1226(a) bond hearing at which petitioner bore the burden of proof and denied petitioner's request for release from custody. Doc. 7-1 at 4. Petitioner is currently detained at California City Detention Facility. Doc. 1 at 1.

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is a critical check upon the executive power, ensuring that individuals are not detained "except in accordance with law." *Hamdi*, 542 U.S. at 525 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). The "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The district court has jurisdiction over challenges to immigration-related detention pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)).

## III. Discussion

In his petition, petitioner raises multiple claims, including that his arrest and resulting detention at his I-485 interview was a violation of the Immigration and Nationality Act. Doc. 1 at 10. In response, respondent argues that petitioner is detained under 8 U.S.C. § 1226(a) and the "only relief warranted here is a bond hearing under Section 1226(a) and its implementing regulations." Doc. 7 at 1.

In *Ngugi v. Lyons*, No. 1:25-cv-01783-KES-EPG-HC, 2026 WL 807542, at *2–3 (E.D. Cal. Mar. 24, 2026), *findings and recommendations adopted by* 2026 WL 946905 (E.D. Cal. Apr.

8, 2026), this court adopted the reasoning of *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782, at *2 (E.D. Cal. Nov. 25, 2025) and *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 466 (S.D.N.Y. 2018), finding that a petitioner who was arrested at his adjustment of status interview was likely to succeed on the merits of his claim that his detention violated 8 U.S.C. § 1255, and ordered the petitioner's immediate release.

In *You*, the district court held:

> The Court rejects arrest and detention practices predicated on manipulating the laws that Congress has passed. Congress did not intend its carefully considered adjustment of status process for a select group of aliens to become a mechanism for "gotcha" law enforcement. Nor could it, without raising serious constitutional concerns. These type of bait-and-switch tactics are not only a perversion of the statute, but also likely offensive to "the concept of ordered liberty." *Rochin v. California*, 342 U.S. 165, 169, 72 S. Ct. 205, 96 L. Ed. 183 (1952) (internal quotation marks omitted).
>
> Because courts "must assume that when drafting the INA, Congress did not intend an absurd or manifestly unjust result," *Lockart v. Napolitano*, 573 F.3d 251, 260 (6th Cir. 2009), the Court concludes that Congress could not have intended its silence on the interplay between adjustment and removal to permit ICE to exploit the former in service of the latter. Accordingly, Petitioner has demonstrated that his arrest at USCIS's offices and his detention pursuant to that arrest likely violated the INA.

321 F. Supp. 3d at 466 (footnote omitted).

Respondent does not address petitioner's claim that his arrest at his adjustment of status interview violated the INA. Respondent has not identified any factual or legal issues in this case that would distinguish it from *Ngugi v. Lyons*, No. 1:25-cv-01783-KES-EPG-HC, 2026 WL 807542, at *2–3 (E.D. Cal. Mar. 24, 2026), *findings and recommendations adopted by* 2026 WL 946905 (E.D. Cal. Apr. 8, 2026), *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782, at *2 (E.D. Cal. Nov. 25, 2025), and *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 466 (S.D.N.Y. 2018).

## IV. Conclusion and Order

Accordingly, respondent is ORDERED to release petitioner Hector Eddin Acosta Najera (A-Number: 098-556-268) immediately. Respondent is ENJOINED and RESTRAINED from using the adjustment of status process to re-detain petitioner, including at or near any future

interview related to petitioner's application for adjustment of status.[2]

Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, enter judgment for petitioner, and serve California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: November 5, 2026

UNITED STATES DISTRICT JUDGE

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.